OPINION
{¶ 1} Carl Lester Mitchell was found guilty by a jury in the Montgomery County Court of Common Pleas of kidnapping and tampering with evidence. He was sentenced to four years of imprisonment for kidnapping and to two years for tampering with evidence, to be served concurrently. Mitchell appeals from his convictions. *Page 2 
 {¶ 2} Mitchell was charged with robbery, kidnapping, and tampering with evidence. He was tried by a jury in November 2006. The state's evidence established the following facts.
 {¶ 3} Myreon Mazur, who was also known as "Chico," died on July 9, 2006, after suffering blunt force injuries to his abdomen. Mazur had allegedly been involved in a dispute with some other men, including Mitchell, "BJ," Shawn Taylor, and "Deebo," about "sitting in their spot," a location from which the men sold drugs. When Mitchell learned that Mazur had been seen at the "drug spot" twice in one day, he ran to get Taylor from a nearby house. Near dusk on July 9, 2006, Mitchell, Taylor, BJ, and Deebo proceeded to "snatch" Mazur off the porch of the house at 454 Quitman. Taylor put Mazur in a chokehold, then threw Mazur to the ground. The men proceeded to hit and kick Mazur about his head and body, and Taylor threw a very large rock onto Mazur's abdomen while he was lying on the ground. When Mazur stopped moving, Taylor picked him up and pinned him to a nearby fence. The men then stripped Mazur of all of his clothing, which they took with them. Mazur attempted to walk away. Shortly thereafter, policemen on patrol found Mazur rolling around, naked, in a grassy area near a church on Quitman. He later died at Miami Valley Hospital. His clothing was never recovered.
 {¶ 4} The coroner testified that Mazur died from abdominal trauma inflicted with a lot of force. The coroner's examination revealed that Mazur's liver and pancreas had torn in half and that his stomach had torn away from the intestine. The coroner also found evidence that Mazur had been dragged, had three broken ribs, and had shoe print marks on his face.
 {¶ 5} Jeanie Williams, who was Deebo's girlfriend, and Christina Marie Windsor, who was an acquaintance of the attackers and of Mazur, witnessed much of the attack. They testified for the state, claiming that Mitchell participated in the beating and robbery. Pursuant to a plea *Page 3 
agreement, Deebo, a.k.a. Robert Brown, also testified for the state about Mitchell's role in the attack. Several other neighbors or bystanders testified about portions of the attack or the surrounding circumstances.
 {¶ 6} Mitchell testified in his own defense. He claimed that he was part of a group that went to 454 Quitman but that he was a bystander during the attack. He admitted that Taylor had handed him some of Mazur's clothing after the attack, but he claimed that he had immediately returned them to Taylor.
 {¶ 7} Mitchell was convicted of kidnapping and tampering with evidence, and he was sentenced accordingly. Mitchell was acquitted of robbery.
 {¶ 8} Mitchell raised five assignments of error on appeal.
 {¶ 9} I. "APPELLANT'S CONVICTION FOR KIDNAPPING SHOULD BE REVERSED DUE TO AN INCONSISTENT VERDICT."
 {¶ 10} Mitchell claims that the jury's verdicts were inconsistent in convicting him of kidnapping but acquitting him of robbery. He contends that "kidnapping and robbery are allied offenses of similar impact [sic] where the only restraint of the victim is merely incidental to the crime of robbery." He also argues that the evidence to support the robbery and kidnapping charges was "identical," making the verdicts inconsistent.
 {¶ 11} In previous cases, we have noted that "an inconsistency in a verdict cannot arise out of inconsistent responses to different counts."State v. Washington (1998), 126 Ohio App.3d 264, 276, 710 N.E.2d 307, citing State v. Brown (1984), 12 Ohio St.3d 147, 465 N.E.2d 889. "[A]n inconsistency can only arise when the jury gives inconsistent responses to the same count" because "each count in an indictment charges a distinct offense and is independent of all *Page 4 
other counts." Washington, 126 Ohio App.3d at 276.
 {¶ 12} Because the separate counts in the indictment were independent of each other, Mitchell's conviction on the count of kidnapping and his acquittal on the count of robbery do not demonstrate that the verdicts were inconsistent. Based on the evidence presented, the jury could have reasonably concluded that Mitchell participated in the melee by restraining Mazur of his liberty to facilitate a robbery, but that he did not commit a theft offense.
 {¶ 13} The first assignment of error is overruled.
 {¶ 14} II. "APPELLANT'S CONVICTION FOR KIDNAPPING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} Mitchell contends that his conviction for kidnapping is against the manifest weight of the evidence. He claims that the more credible evidence at trial showed that he did not participate in the kidnapping or the robbery.
 {¶ 16} When reviewing a judgment under a manifest weight standard of review, we consider the entire record, weigh the evidence and all reasonable inferences therefrom, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction. Id. at 387, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. RC 2905.01(A)(2) provides that no person, by force, threat, or deception, shall remove another from the place where the other person is found or restrain the liberty of the *Page 5 
other person, to facilitate the commission of any felony or flight thereafter. Mitchell was charged with kidnapping to facilitate the commission of a robbery.
 {¶ 17} Windsor and Deebo testified that the conflict with Mazur arose as a territorial dispute over the sale of drugs from a particular location. According to Deebo's version of events, Mitchell rallied the men for a confrontation with Mazur, the group "snatched" Mazur off of a porch near the "drug spot," and then began to beat him. After Mazur was on the ground and unable to defend himself, Taylor held Mazur against the fence with the assistance of others, stripped him of all of his clothes, and took his belongings. Based on Mitchell's active participation in this series of events, the jury did not clearly lose its way and create a manifest miscarriage of justice in concluding that Mitchell restrained Mazur of his liberty to facilitate the commission of a robbery.
 {¶ 18} The second assignment of error is overruled.
 {¶ 19} The third and fourth assignments of error are related, and we will address them together.
 {¶ 20} III. "APPELLANT'S CONVICTION FOR TAMPERING WITH EVIDENCE IS BASED UPON INSUFFICIENT EVIDENCE.
 {¶ 21} IV. "APPELLANT'S CONVICTION FOR TAMPERING WITH EVIDENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 22} Mitchell claims that there was insufficient evidence of tampering with evidence. Mitchell asserts that he was the "principal witness" for this charge, and he testified that Taylor had handed him Mazur's clothes but he had given them right back. He claims that this testimony was insufficient to support the conclusion that he had *Page 6 
knowingly concealed or aided the concealment of Mazur's clothes to impair their availability as evidence. R.C. 2921.12(A)(1). Mitchell also contends that his conviction for tampering with evidence was against the manifest weight of the evidence.
 {¶ 23} As we discussed under the second assignment of error, an argument challenging the weight of the evidence deals with the jury's interpretation of the evidence presented. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. Thompkins, 78 Ohio St.3d at 387;State v. Gilreath, Miami App. No. 06CA32, 2007-Ohio-6899. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492:
 {¶ 24} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 25} Mitchell's argument relies on his own testimony at trial that Taylor had briefly handed him Mazur's clothing, but that he had immediately given the clothes back. However, the state presented evidence that contradicted this version of events.
 {¶ 26} Through his investigation of Mazur's death, Police Officer Christen Beane interviewed Mitchell about the attack. During that interview, Mitchell denied that he *Page 7 
had participated in the attack but admitted that he had had possession of Mazur's clothing as the men left the scene. Mitchell claimed that he had given the clothes to Taylor, who had thrown them in a trash can. Deebo also testified that the men had taken the clothes, some of which had been sold to get drug money.
 {¶ 27} The jury was not required to believe Mitchell's testimony at trial about what happened to Mazur's clothes. The state presented sufficient evidence to support a conviction of tampering with evidence, the jury reasonably credited that testimony, and its conclusion was not against the manifest weight of the evidence.
 {¶ 28} The third and fourth assignments of error are overruled.
 {¶ 29} V. "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHT PURSUANT TO THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 30} Mitchell contends that his trial counsel was ineffective in failing to object to extensive testimony about Mazur's cause of death when he was not charged with causing the death. He also argues that counsel was ineffective in failing to require the trial court to identify for the jury the specific offense underlying the kidnapping charge. He claims that, because he was acquitted of the underlying offense of robbery, this omission might have affected the jury's verdict on the kidnapping.
 {¶ 31} We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. Pursuant to those cases, *Page 8 
trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.Strickland, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. State v. Cook (1992),65 Ohio St.3d 516, 524-525, 605 N.E.2d 70.
 {¶ 32} The state's evidence suggested that Mitchell participated in Mazur's beating, including kicking and hitting him about the head, but that the fatal injuries were caused when Taylor threw a large rock onto Mazur's abdomen. Mitchell asserts that the evidence about Mazur's injuries was "highly prejudicial" and that his attorney should have objected to the coroner's testimony, the exhibits, and other evidence about the injuries and cause of death. He does not advance a specific argument as to how he was prejudiced.
 {¶ 33} In our judgment, counsel should have objected to the testimony about Mazur's cause of death. However, we see no reasonable likelihood that Mitchell would have been acquitted but for the evidence presented about Mazur's cause of death. The trial court reminded the jury during the coroner's testimony that Mitchell was not charged with causing Mazur's death and that the jury should consider the evidence only as it related to the charged offenses. We presume that the jury followed this *Page 9 
instruction. We are unpersuaded that Mitchell was prejudiced by his counsel's conduct or that the result of the trial would have been different if counsel had objected to the evidence about Mazur's cause of death.
 {¶ 34} Finally, Mitchell argues that counsel was ineffective in failing to object to the jury instruction on kidnapping, which failed to specify that robbery was the underlying offense that the kidnapping was alleged to have facilitated. He apparently believes that, because he was acquitted of robbery, such an instruction might have led to an acquittal on the kidnapping charge. Mitchell has cited no authority for the proposition that the trial court was required to specifically identify the underlying felony. Indeed, we have held to the contrary in State v.Skatzes, Montgomery App. No. 15858, 2003-Ohio-516, at ¶ 248. Moreover, assuming arguendo that the underlying felony should have been identified, insofar as Mitchell was also being tried for robbery, we are unpersuaded that the omission caused any confusion or affected the outcome of the trial.
 {¶ 35} The fifth assignment of error is overruled.
 {¶ 36} The judgment of the trial court will be affirmed.
 GRADY, J. and DONOVAN, J., concur. *Page 1