OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Keith R. Baecker, filed July 3, 2007. On October 18, 2006, in Miami County, Baecker was indicted on two counts *Page 2 
of burglary, in violation of R.C. 2911.12(A)(2), with a firearm specification. On November 1, 2006, Baecker entered a plea of not guilty. On January 3, 2008, Baecker filed a Motion to Dismiss, which the trial court overruled on February 15, 2007, following a hearing. On June 13, 2007, Baecker filed a second Motion to Dismiss, pro se. On June 14, 2007, Baecker entered a plea of no contest on the indictment, and the trial court found Baecker guilty. The trial court sentenced Baecker to two years on each count of burglary, to be served concurrently, along with an additional year for the firearm specification, to be served consecutively, and imposed costs.
 {¶ 2} On December 24, 2007, counsel for Baecker filed anAnders brief, pursuant to Anders v. California (1967), 386 U.S. 738, stating, "after conscientious examination, he finds the appeal to be frivolous." Counsel then suggests that Baecker may have received ineffective assistance of trial counsel because Baecker and his counsel were "not in communication" and "were not in agreement on the plea bargain." The State did not file a response.
 {¶ 3} "To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different." State v. Mitchell, Montgomery App. No. 21957, 2008-Ohio-493, citing Strickland v.Washington (1984), 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 4} The following exchange occurred at the hearing:
 {¶ 5} "Mr. King: Your Honor, I just wanted out of the presence of the Jury to state for the record that the State has offered my client a plea agreement. I don't know whether the Court wants to put the details on the record or not, but I would like the Court to know that I have *Page 3 
recommended it to him, and he has consistently turned it down, and did this morning as well.
 {¶ 6} "Mr. Baecker: I didn't talk to you this morning.
 {¶ 7} "Mr. King: Well, did you want to take a position different than that this morning?
 {¶ 8} "Mr. Baecker: I mean, I don't know, did you talk to him about two years, did you talk to him about a better deal? What is going on, the details?
 {¶ 9} "Mr. King: There's been no change since the last time I talked to you."
 {¶ 10} Counsel for Baecker then requested a moment to confer with his client off of the record. When they were back on the record, Baecker's counsel stated the plea bargain on the record. Baecker indicated to the court that he was entering his plea of no contest because he "felt threatened" by the prospect of the testimony of a co-defendant. Counsel for Baecker indicated that Baecker received a letter from the co-defendant, stating, "words to the effect, it ain't gonna be pretty. And by that he meant, here's what I'm gonna say. * * * the prospect of that testimony plays a part in his decision to take the deal." Baecker confirmed the validity of his counsel's statements on the record. In entering his plea, Baecker indicated to the court that his counsel explained everything to him, answered all of his questions, did everything Baecker asked him to do, and that Baecker was satisfied with his advice and competence.
 {¶ 11} We have independently reviewed the entire record, and we conclude that it reveals that Baecker entered his plea of no contest due to the anticipated damaging testimony of a co-defendant, and not due to any ineffective assistance of counsel. In fact, Baecker indicated that he was satisfied with the representation he received. Accordingly, Judgment is affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1