[Cite as *State v. Combs*, 2011-Ohio-1734.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                   :          C.A. CASE NO.    23904

v.                                         :          T.C. NO.    09CR1191

STEVEN COMBS                               :             (Criminal appeal from
                                                 Common Pleas Court)
    Defendant-Appellant               :

                                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    8th    day of    April   , 2011.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 115 Brookside Drive, Yellow Springs, Ohio 45387
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Defendant-appellant Steven Combs appeals from his conviction and sentence for rape. For the following reasons, the judgment of the trial court will be affirmed.

I

{¶ 2}  On April 27, 2009, Combs was indicted on one count each of forcible rape of a child under the age of ten years, gross sexual imposition of a child under the age of thirteen, and sexual battery of a child under the age of thirteen.  All charges arose as a result of offenses that were alleged to have occurred in early 2009 against Combs's daughter.  On January 8, 2010, Combs pled no contest to forcible rape by bill of information, and was found guilty by the court; the indictment was nolled.  The parties agreed to a five-year mandatory term of imprisonment, to which the trial court sentenced him.   Combs appeals.

II

{¶ 3}  Combs's First Assignment of Error:

{¶ 4}  "A PLEA THAT IS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY GIVEN MUST BE VACATED."

{¶ 5}  Combs's Second Assignment of Error:

{¶ 6}  "A PLEA MUST BE VACATED WHEN DUE TO THE INEFFECTIVENESS OF COUNSEL THE PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY GIVEN."

{¶ 7}  In his first assignment of error, Combs maintains that his plea must be vacated because he did not knowingly, intelligently, and voluntarily enter his plea as the result of the trial court's interrupting him when he "resisted the acceptance of a plea."   In his second assignment of error, Combs offers a cursory argument that he was denied the effective assistance of trial counsel because counsel should not have allowed him to enter a plea.   The record does not support either claim.

{¶ 8} In *Boykin v. Alabama* (1969), 395 U.S. 238, 242-43, 89 S.Ct. 1709, the United States Supreme Court held that in order for a reviewing court to determine whether a guilty plea was voluntary, the record must show that the defendant knowingly, intelligently, and voluntarily waived his constitutional rights. See also, *State v. Nero* (1990), 56 Ohio St.3d 106, 107. Crim.R. 11(C) was adopted to ensure an adequate record for review in order to facilitate a more accurate determination of the voluntariness of a defendant's plea. Id.

{¶ 9} Crim.R. 11(C)(2) requires the trial court to personally inform a defendant of the constitutional guarantees that he waives by entering a guilty plea. That section also demands that the trial court ensure that the defendant understands the nature of the charges against him, the maximum penalty that he faces, and whether he is eligible for probation. A defendant who claims that his no contest plea was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Nero,* supra, at 108. In other words, "[t]he test is whether the plea would have otherwise been made." Id., citations omitted.

{¶ 10} The record demonstrates that Combs was afforded a full and proper Crim.R. 11 hearing at the time of his plea. At that hearing, he acknowledged that he had discussed the charges and possible defenses with his attorneys. Additionally, after the State's recitation of the facts, Combs acknowledged that he understood and wanted to plead no contest. See, e.g., *State v. Patrick* (Oct. 5, 1994), Montgomery App. No. 13954 (having the prosecutor recite the facts supporting the charges to which a defendant intends to plead is an acceptable way to determine whether the defendant understands the nature of the charges).

{¶ 11} Additionally, Combs affirmatively stated that he was satisfied with both of his attorneys' representation. He acknowledged that his attorneys had read the plea form to him, and that he understood the form; and he signed it. The trial court found that Combs understood the rights that he was waiving by entering the plea.

{¶ 12} Moreover, Combs affirmatively stated that he was not coerced or forced to enter the plea. Nobody threatened him, and nobody made any promises to him beyond the agreement with the State to dismiss the indictment and to recommend a five-year sentence, as described at the outset of the hearing.

{¶ 13} Combs has failed to show that his plea would not have been entered had the trial court handled the plea hearing differently. To the contrary, the record supports the State's position that Combs's plea was knowingly, voluntarily, and intelligently entered in order to avoid facing the original charges that were dismissed in exchange for his plea.

{¶ 14} With regard to the trial court's interruption of Combs, we point out first that this interruption occurred during the sentencing hearing, not at the plea hearing. During the sentencing hearing, Combs stated, "This incident was totally blown out of proportion. I understand that what happened was an accident and I take full responsibility for it, but what I pled out to was not the degree of what happened. It was * * *." At this point, the trial court interrupted Combs and ordered a recess so that Combs could consult with his attorneys. Following that recess, the court explained that it feared that Combs was "running dangerously close to * * * saying some things [he] might regret." Combs stated that he understood. He apologized for his crime and accepted "whatever you see fit as a just punishment

for me." He never expressed a desire to withdraw his plea. The record fails to support Combs's conclusion that the interruption during his sentencing hearing invalidated his plea entered more than two weeks earlier.

{¶ 15} Combs also claims that trial counsel was ineffective for allowing him to enter a plea because counsel was aware that he did not want to enter the plea. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance, and to show deficiency the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id.

{¶ 16} The record does not support Combs's claim that he did not want to enter a plea or that counsel was aware that he did not want to enter the plea. Nor did Combs ever file a motion in the trial court to withdraw that plea. As explained above, Combs knowingly, intelligently, and voluntarily entered his plea. Furthermore, Combs indicated he was satisfied with both of his attorneys' representation, and we note that counsel negotiated a favorable plea agreement, including a five-year sentence when the original charges were much more serious, including a mandatory life sentence for forcible rape of a child under the age of ten.

{¶ 17} In regard to the interruption during the sentencing hearing, it appears to us that the trial court acted very appropriately by allowing Combs all the time he needed to consult with his attorneys; the record does not reflect what conversation took place between Combs and his attorneys. Following that conversation, Combs

expressed no desire to withdraw his plea. We cannot conclude on the record before us that Combs was denied the effective assistance of trial counsel.

{¶ 18} Combs's first and second assignments of error are overruled.

III

{¶ 19} Both of Combs's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Andrew T. French
George A. Katchmer
Hon. Frances E. McGee