[Cite as *State v. Combs*, 2013-Ohio-620.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                           :

    Plaintiff-Appellee                          :               C.A. CASE NO.    25262

v.                                                              :               T.C. NO.    09CR1191

STEVEN COMBS                                      :               (Criminal appeal from
                                         Common Pleas Court)

    Defendant-Appellant                        :

                                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    22nd    day of     February    , 2013.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 1886 Brock Road N.E., Bloomingburg, Ohio 43106
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Steven Combs appeals a decision of the Montgomery

County Court of Common Pleas, General Division, overruling his petition for post-conviction relief filed November 24, 2010. The trial court issued its opinion overruling Combs' petition on June 11, 2012. Combs filed a timely notice of appeal with this Court on June 27, 2012.

{¶ 2} We set forth the history of the case in *State v. Combs*, 2d Dist. Montgomery No. 23904, 2011-Ohio-1734 (hereinafter "*Combs I*"), and repeat it herein in pertinent part:

On April 27, 2009, Combs was indicted on one count each of forcible rape of a child under the age of ten years, gross sexual imposition of a child under the age of thirteen, and sexual battery of a child under the age of thirteen. All charges arose as a result of offenses that were alleged to have occurred in early 2009 against Combs's daughter. On January 8, 2010, Combs pled no contest to forcible rape by bill of information, and was found guilty by the court; the indictment was nolled. The parties agreed to a five-year mandatory term of imprisonment, to which the trial court sentenced him.

{¶ 3} On appeal, Combs argued that his plea must be vacated because it was not knowingly, intelligently, and voluntarily entered as the result of the trial court's interrupting him when he "resisted the acceptance of a plea" at sentencing. Combs also argued that he was denied the effective assistance of trial counsel because counsel should not have allowed him to enter a plea.

{¶ 4} Ultimately, we affirmed the judgment of the trial court, finding that the record supported the State's position that Combs's plea was knowingly, voluntarily, and intelligently entered. *State v. Combs*, 2d Dist. Montgomery No. 23904, 2011-Ohio-1734.

Additionally, we found that the record established that Combs did not receive ineffective assistance of counsel regarding his decision to enter a no contest plea to forcible rape. *Id*. Specifically, the record established that Combs clearly acknowledged that he understood the ramifications of his no contest plea, wanted to plead, and affirmatively stated that he was neither coerced nor forced to enter his plea by defense counsel. *Id*.

{¶ 5}   While his appeal was pending before this Court, Combs filed his petition for post-conviction relief in which he argued that his plea was involuntary because of ineffective assistance of counsel.  In particular, Combs argued that defense counsel was deficient for failing to contact necessary witnesses, failing to assert a viable defense to the charges against him, allowing him to plead no contest against his wishes, and disregarding his requests to withdraw his plea prior to sentencing.  In support of his petition, Combs filed his own affidavit, a copy of the sentencing memorandum filed by his defense counsel, and a copy of a psychological evaluation report authored by Dr. Frederick Peterson of the Flexman Clinic. Significantly, the report was issued on August 20, 2009, approximately four and one-half months before he entered his no contest plea to the charge of forcible rape.   In response, the State filed a motion for summary judgment requesting that Combs' petition be denied.

{¶ 6}   On June 11, 2012, the trial court sustained the State's motion for summary judgment and overruled Combs' petition for post-conviction relief.   Initially, the trial court concluded that Combs' allegations of ineffective assistance of counsel were refuted by the record and therefore, without merit.   The trial court also found that Combs' argument regarding his desire to withdraw his plea was thoroughly analyzed in *Combs I* in his direct appeal.   Accordingly, the trial court held that Combs' claims were barred by res judicata.

{¶ 7}   It is from this judgment that Combs now appeals.

{¶ 8}   Combs' sole assignment of error is as follows:

{¶ 9}   "APPELLANT'S PLEA MUST BE VACATED DUE TO THE INEFFECTIVENESS OF COUNSEL."

{¶ 10}   "[A]buse of discretion is the most prevalent standard [of review] for reviewing the dismissal of a petition for post-conviction relief without a hearing."  *State v. Hicks*, 4th Dist. Highland No. 09CA15, 2010-Ohio-89, at ¶10 (surveying other Ohio courts). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable.  *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).   It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 11}   "A decision is unreasonable if there is no sound reasoning process that would support that decision.   It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result."  *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 12}   Initially, we note that a post-conviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994).   "Indeed, post-conviction state collateral review itself is not a constitutional right, even in capital cases." *Id.*, citing *Murray v.*

*Giarratano* , 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). Post-conviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal. *Id.* Accordingly, in a post-conviction proceeding, a convicted defendant has only the rights granted him by the legislature. *State v. Moore*, 99 Ohio App.3d 748, 751, 651 N.E.2d 1319 (1st Dist.1994).

{¶ 13} In his sole assignment, Combs argues that he received ineffective assistance because his defense counsel failed to assert an available, viable defense to the charges against him. Specifically, Combs contends that he informed defense counsel at the beginning of the case that he suffered from a sleep disorder in which he engaged in sex acts while asleep with no memory of his actions upon waking. Moreover, Combs alleges that he informed defense counsel of two female witnesses who could testify regarding his condition, but they were never contacted. Combs also claims that he was told that a doctor would be contacted regarding his medical condition, but that never occurred. Combs further asserts that he ordered defense counsel on two occasions to withdraw his plea, but they would not return his or his mother's phone calls. Lastly, Combs argues that he attempted to address the trial court regarding his dissatisfaction with his defense counsel and his unwillingness to enter into a plea, but the court "intimidated" him and forced him to accept the plea.

{¶ 14} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, * * * . Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable

assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31.

{¶ 15} In order to decide the issue of ineffectiveness of Combs' defense counsel, we must first look at whether his counsel's performance fell outside the range of professionally competent assistance. "Generally, counsel's performance falls below the norm if he fails to advocate the defendant's cause, fails to keep the defendant informed of important developments, or fails to use the requisite level of skill necessary to ensure the integrity of the adversarial proceedings." *State v. Peeples,* 94 Ohio App.3d 34, 640 N.E.2d 208 (4th Dist. 1994). Upon review, we can find nothing on this record which establishes that counsel's conduct violated any of these standards. The only new evidence presented by Combs in support of his claim of ineffective assistance of counsel was his own self-serving affidavit. Self-serving declarations, standing alone, do not rise to the level of evidence required in post-conviction proceedings. *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983).

{¶ 16} Additionally, the record establishes that Dr. Frederick Peterson was contacted by defense counsel. Furthermore, Dr. Peterson authored the Flexman Report

well in advance of Combs' plea of no contest. According to Combs' witness list, another doctor, Dr. Alan Jacobs, was also scheduled to testify on his behalf. Thus, Combs' argument that his defense counsel was ineffective for failing to contact a doctor regarding the merits of a "sleep sexing" defense prior to his entering his no contest plea is undermined by the record. We note that the two female witnesses Combs claims could testify regarding his medical condition were, in fact, contacted and interviewed by defense counsel prior to his plea. Both women's names also appear on Combs' witness list and are referenced in the Flexman Report, thereby undermining his claim that the first mention of the two women was in defense counsel's post-plea sentencing memorandum.

{¶ 17} We also note that the Flexman Report does not establish that he had a "sleep sexing" defense to the charges against him. While the report states that some of Combs' past girlfriends described experiences where he would have sex with them and not remember it in the morning, the report also contains information regarding his sexual assault of his daughter, to wit: he was fully aware of what he was doing. Specifically, Combs stated that he remembered touching his daughter's leg and vaginal area, including inserting his finger into her vagina, but he merely thought he was touching someone else.

{¶ 18} We conclude that the record completely undermines Combs' assertion that his trial counsel's performance was deficient. Accordingly, Combs' baseless speculation that his counsel was deficient is insufficient to meet the standard announced in *Strickland*.

{¶ 19} Lastly, Combs' claim that he was intimidated by the trial court and his defense counsel and, therefore, forced into entering his no contest plea was thoroughly reviewed by this Court in *Combs I* and rejected. As previously discussed, we concluded in

*Combs I* that the record contained no evidence that Combs' no contest plea was made in less than a knowing, intelligent, and voluntary manner. Thus, the doctrine of res judicata bars Combs from raising the voluntariness of his plea in his petition for post-conviction relief. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding * * * any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233, syllabus.

{¶ 20} Combs' sole assignment of error is overruled.

{¶ 21} Combs' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
George A. Katchmer
Hon. Frances E. McGee