[Cite as *State v. Stamper*, 2016-Ohio-433.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2014-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-366 |
| | : | |
| BOBBY LEE STAMPER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 5th day of February, 2016.

. . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

ENRIQUE RIVERA-CEREZO, Atty. Reg. No. 0085053, 61 North Dixie Drive, Suite B, Vandalia, Ohio 45377
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Bobby Lee Stamper, pled guilty to two counts of violation of a protection order and was sentenced to community control sanctions,

including electronic monitoring. After Stamper violated the terms of his electronic monitoring, the trial court revoked community control and sentenced Stamper to eight months in prison on each count, with the terms to be served consecutively, for a total term of imprisonment of 16 months.

{¶ 2} Stamper's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no meritorious issues to pursue on appeal. Counsel raised two potential assignments of error: (1) that Stamper's sentence was not proportional to his community control violations; and (2) that Stamper received ineffective assistance from his original trial counsel. In an entry filed on May 14, 2015, we informed Stamper that his attorney had filed an *Anders* brief. We granted Stamper 60 days from that date to file a pro se brief, but no pro se brief was filed.

{¶ 3} We subsequently ordered Stamper's appellate counsel to file the transcript of the sentencing hearing, and indicated we would grant appellate counsel time to file a supplemental brief after the transcript was filed. The transcript was filed on November 10, 2015, and on November 17, 2015, we ordered Stamper to file a supplemental brief within twenty days either raising assignments of error in connection with the plea and sentencing agreement or advising the court that no non-frivolous issues existed. Counsel for Stamper recently informed the court no further brief would be filed. Accordingly, this matter is now ripe for disposition.

{¶ 4} We have independently reviewed the record, including the transcript of the sentencing hearing, pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no potentially meritorious issues for review.

I. Proportionality of the Sentence

{¶ 5} In December 2013, Stamper was indicted for three counts of having violated a protection order, in violation of R.C. 2919.27(A)(1),(B)(3). The alleged violations occurred on September 11, 21, and 23, 2013, and were fifth-degree felonies. On January 7, 2014, Stamper was released on his own recognizance, with a special condition that he not have any contact with, or be in the presence of Angie Stamper or minors, S.S. and D.S.

{¶ 6} Subsequently, on February 21, 2014, Stamper pled guilty to counts two and three. In exchange, the State agreed to dismiss count one, and further agreed to recommend non-residential community control if the presentence investigation report did not reveal additional criminal records not previously known or discussed with the State. Certain other conditions were mentioned.

{¶ 7} The transcript of the sentencing hearing, which took place on April 1, 2014, indicates that the trial court specifically informed Stamper that if he violated community control provisions, the court would impose eight months in prison on count two and eight months on count three, with the terms to be served consecutively, for a total term of 16 months. Transcript of April 1, 2014 sentencing hearing, p. 26. In the sentencing entry that followed, the court imposed a three-year term of community control, including sanctions such as anger management counseling and 75 hours of community service. The court further ordered Stamper to reside at 1336 Beverly Street in Springfield, Ohio, and not move from that address without written permission from the court. In addition, the court ordered that Stamper be placed under house arrest and be subject to electronic

monitoring, with exceptions for travel to and from work or to fulfill community service. Finally, the court ordered that Stamper could not travel to or be present in Champaign County, Ohio, as that is where the victims resided. The house arrest and electronic monitoring were to last until February 17, 2015, at which time they would be reviewed for termination.

{¶ 8} In the sentencing entry, the court again stated that if Stamper violated the terms of community control, the court would impose eight months of imprisonment on count one and eight months of imprisonment on count two, for a total prison term of 16 months. In the entry, the court made specific findings under R.C. 2929.14(C)(4), concerning imposition of consecutive sentences.

{¶ 9} Problems arose almost immediately. On April 4, 2014, Stamper's probation officer notified the court that Stamper had displayed a confrontational attitude about having to live at 1336 Beverly St., and that Stamper had demanded that he be permitted to live at another residence. As a result, the court held a hearing on April 9, 2014. At that time, based on Stamper's testimony, the court ordered that Stamper be permitted to move to a residence located on Kenton Street in Springfield. The court maintained the same conditions as to electronic monitoring, and also ordered Stamper to write a letter of apology to his probation officer. Finally, the court indicated that Stamper would be jailed if he again displayed a confrontational or disrespectful attitude with probation officers or the court.

{¶ 10} On June 19, 2014, a notice of supervision violation was filed, based on allegations that Stamper failed to follow the rules of electronic monitoring on June 14, 2014. After Stamper contested the probable cause for the violation, the court held a

hearing on July 14, 2014, and heard testimony from Tri-County Regional Jail Sergeant Richard Wiskirchen, Parole Officer Jeanette Hogan, and Stamper. After hearing the evidence, the trial court concluded that Stamper was guilty of having failed to follow the rules of electronic monitoring on June 14, 2014. The court also concluded that Stamper would be confined as a result of the violation. However, the court continued disposition until September 5, 2014, in order for the court to decide where confinement would occur, i.e., either locally or at the state level, and to allow Stamper to obtain medical treatment for a back injury he had recently sustained. The court also stated that during this period, "the Court is going to consider what should happen to you and for how long." July 14, 2014 Transcript of CCV and Merits Hearing, p. 45.

{¶ 11} On August 26, 2014, the trial court was notified of additional community control violations that had occurred on August 8, twice on August 9, and on August 17, 2014. On those occasions, the battery on Stamper's electronic monitor was allowed to expire without a charge, and the State was not able to ascertain Stamper's whereabouts. After Stamper challenged the probable cause for the allegations, the trial court held another hearing on September 5, 2014. At this time, the court heard testimony from Sgt. Wiskirchen and Stamper. After hearing the evidence, the court found Stamper guilty of the four alleged August violations.

{¶ 12} At the September 2014 hearing, the court revoked Stamper's community control and imposed 8 months on count one and eight months on count two, with the terms to run consecutive to each other, for a total of 16 months in prison. At the hearing and in a journal entry filed on September 5, 2014, the trial court made specific findings regarding the imposition of consecutive sentences. Stamper timely appealed from the

entry revoking community control and imposing sentence.

{¶ 13} As was noted, Stamper's appellate counsel raised the potential issue of whether Stamper's sentence was proportionate to the violations that caused revocation of community control. Regarding community control sanctions, R.C. 2929.15(B) provides that:

(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code.

(2) The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive

sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed.

{¶ 14} R.C. 2929.19(B)(4) also provides that:

If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

{¶ 15} In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the Supreme Court of Ohio held that under R.C. 2929.19(B)(5) [now (B)(4)], "a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing." *Id.* at ¶ 15. The court also stressed that "notification given in a court's journal entry issued after sentencing does not comply with R.C. 2929.19(B)(5)." *Id.* at ¶ 18. In addition, the court held in *Brooks* that:

Due to the particular nature of community control, any error in notification cannot be rectified by "renotifying" the offender. When an offender violates

community control conditions and that offender was not properly notified of the specific term that would be imposed, an after-the-fact reimposition of community control would totally frustrate the purpose behind R.C. 2929.19(B)(5) notification, which is to make the offender aware before a violation of the specific prison term that he or she will face for a violation. Consequently, where no such notification was supplied, and the offender then appeals after a prison term is imposed under R.C. 2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option.

*Id.* at ¶ 33.

**{¶ 16}** When we issued our order for the sentencing transcript to be filed, we were concerned about whether Stamper had been properly notified of the specific prison term that could be imposed in the event of a violation. However, the sentencing transcript indicates that Stamper was specifically informed of the prison terms that could be imposed for a violation of community control, and this is no longer an issue.

**{¶ 17}** Concerning the issue of whether the sentence for the violations is proportionate, we find no issue of arguable merit. After the initial violation occurred, the trial court continued the matter, and Stamper then violated community control provisions four more times before the next hearing. The instances in August 2014 also involved situations where Stamper's whereabouts could not be ascertained. The transcript of the original sentencing hearing indicates that the original crimes charged were violations of a civil protection order, and that the trial court was very concerned about Stamper's potential intrusion into the lives of the alleged victims.

{¶ 18} Stamper's crimes were fifth-degree felonies, and carried a potential sentence of six to 12 months. R.C. 2929.14(A)(5). The eight-month sentences were well within this range, and Stamper was specifically warned that violation of community control would result in the sentence that actually was imposed. As we noted in *State v. Adams*, 2d Dist. Champaign No. 09-CA-37, 2011-Ohio-2562, "[t]he sentence was within the statutory range of penalties for the offenses and consistent with the original sentence imposed. Therefore, * * * an assignment of error about the sentencing issue would be unsuccessful." *Id.* at ¶ 8.

## II.   Ineffective Assistance of Counsel

{¶ 19} The second issue raised by Stamper's appellate counsel is whether trial counsel provided ineffective assistance because his strategy was not effective. In *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008-Ohio-493, we noted that:

> We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that,

but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook* (1992), 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70.

*Mitchell* at ¶ 31.

**{¶ 20}** "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Webb*, 2d Dist. Montgomery No. 26198, 2015-Ohio-553, ¶ 15, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992). (Other citation omitted.)

**{¶ 21}** Stamper pled guilty to the charges, and our review of the record, including the plea hearing, reveals that before Stamper pled guilty, he was told of the charges, the possible sentences, and the rights, both constitutional and not-constitutional, that he was waiving when he pled guilty. At no time did Stamper indicate any confusion about any of these matters, and he affirmatively stated that he understood these rights. *Compare Webb* at ¶ 16 (rejecting potential assignment of error raising ineffective assistance of counsel).

## III. Conclusion

**{¶ 22}** Because the record fails to reveal any non-frivolous issues regarding whether Stamper's conviction and sentence were appropriate, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Kevin Talebi
Enrique Rivera-Cerezo
Bobby Lee Stamper
Hon. Nick A. Selvaggio