[Cite as *State v. Hatfield*, 2012-Ohio-6182.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

      Plaintiff-Appellee         :         C.A. CASE NO.   25130

v.                             :        T.C. NO.   2011 CR 3229

DARRELL S. HATFIELD        :      (Criminal appeal from
                                      Common Pleas Court)

      Defendant-Appellant     :

                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   28th   day of   December  , 2012.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

REBEKAH S. NEUHERZ, Atty. Reg. No. 0072093, 150 N. Limestone Street, Suite 218, Springfield, Ohio 45501
      Attorney for Defendant-Appellant

DARRELL S. HATFIELD, #A658312, North Central Correctional Institute, 670 Marion Williamsport Road, P. O. Box 1812, Marion, Ohio 43301
      Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     This matter is before the Court on the Notice of Appeal of Darrell S. Hatfield, filed April 11, 2012.  Hatfield was convicted on March 16, 2012, following a no contest plea, on one count of grand theft, in violation of R.C. 2913.02(A)(2).  At the plea hearing, the court indicated that it "agreed with [defense counsel] to cap any prison sentence" at 12 months, and Hatfield received a 12 month sentence.   Hatfield was also ordered to pay restitution to the Northmont Band Boosters in the amount of $9,707.03.

{¶ 2}     Counsel for Hatfield filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), concluding that "there are no meritorious assignments of error," and asserting four "possible" assignments of error.  On August 23, 2012, this Court granted Hatfield 60 days in which to file a pro se brief assigning any errors for our review.   Hatfield did not file a brief.

{¶ 3}     This Court previously noted, in *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7-8:

> We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. * * *
>
> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit.  An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in

reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. * * *

**{¶ 4}** Hatfield's first possible assignment of error is as follows:

"THE TRIAL COURT ERRED WHEN IT ORDERED RESTITUTION WITHOUT CONDUCTING A RESTITUTION HEARING."

**{¶ 5}** R.C. 2929.18(A) provides that the court imposing sentence upon an offender for a felony may sentence the offender to financial sanctions which include:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made to the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimate or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of economic loss suffered by the victim as a direst and proximate result of the commission of the offense.

If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

**{¶ 6}** The record reflects that counsel for Hatfield represented to the court that Hatfield "would like to pay back all of the restitution and he does want to be accountable to that." Hatfield himself then indicated to the court that he is "standing here to make whole the dollar amount that is determined by the Court." After reviewing Hatfield's lengthy criminal history, and noting that the instant conviction is Hatfield's tenth felony conviction, the court stated: "It appears to me that from the record I reviewed that there's probably been a total loss of around $25,000. But the State in their charging documents has picked out a six-month period of time in which you stole this money, and the amount that they believe that they can prove and have proven is $9,707.03." The court noted that "in your presentence investigation, you were quick to tell the probation officer that you and your wife make over a hundred thousand dollars a year, so I think that you certainly can pay restitution in this case."

**{¶ 7}** Hatfield indicated his intent to pay restitution in the amount determined by the court, he did not dispute the amount of restitution or request a hearing, and we note that the presentence investigation report, which the court reviewed, supports the restitution order. In the absence of dispute over the amount of restitution ordered, Hatfield was not entitled to a hearing, and his first possible assignment of error is frivolous and overruled.

**{¶ 8}** Hatfield's second possible assignment of error is as follows:

"THE TRIAL COURT ERRED WHEN IT FAILED TO APPROVE THE DEFENDANT FOR RISK REDUCTION SENTENCING."

**{¶ 9}** R.C. 2929.143(A) provides as follows:

When a court sentences an offender who is convicted of a felony to a term of incarceration in a state correctional institution, the court may recommend that the offender serve a risk reduction sentence under section 5120.036 of the Revised Code if the court determines that a risk reduction sentence is appropriate, and all of the following apply:

(1) The offense for which the offender is being sentenced is not aggravated murder, murder, complicity in committing aggravated murder, an offense of violence that is a felony of the first or second degree, a sexually oriented offense, or an attempt or conspiracy to commit or complicity in committing any offense otherwise identified in this division if the attempt, conspiracy, or complicity is a felony of the first or second degree.

(2) The offender's sentence to the term of incarceration does not consist solely of one or more mandatory prison terms.

(3) The offender agrees to cooperate with an assessment of the offender's needs and risk of reoffending that the department of rehabilitation and correction conducts under section 5120.036 of the Revised Code.

(4) The offender agrees to participate in any programming or treatment that the department of rehabilitation and correction orders to address any issues raised in the assessment described in division (A)(3) of this section.

**{¶ 10}** As counsel for Hatfield concedes, by its plain language, the

recommendation for a risk reduction sentence in R.C. 2929.143(A) is discretionary and not mandatory, and the trial court was free to determine that a risk reduction sentence was not appropriate for Hatfield. As counsel for Hatfield asserts, "the trial court obtained and reviewed a presentence investigation report, which included information regarding the Appellant's prior criminal history, including * * * prior felony convictions." Since the trial court "may," but is not required or compelled to recommend that an offender serve a risk reduction sentence, Hatfield's second possible assigned error is frivolous and overruled.

{¶ 11} Hatfield's third possible assigned error is as follows:

"THE INDICTMENT IN THIS MATTER WAS DEFECTIVE."

{¶ 12} As the Supreme Court of Ohio previously noted:

The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident. * * * This court has held:

"The sufficiency of an indictment is subject to the requirements of Crim.R. 7 and the constitutional protections of the Ohio and federal Constitutions. Under Crim.R. 7(B), an indictment 'may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.'

"An indictment meets constitutional requirements if it 'first, contains

the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" * * * *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 7-9.

{¶ 13} R.C. 2913.02(A) provides: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: * * * (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent." R.C. 2913.02(B)(2) provides: * * * If the value of the property or services stolen is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars, a violation of this section is grand theft, a felony of the fourth degree. * * * ."

{¶ 14} Hatfield's indictment provides:

* * * **DARRELL STEVEN HATFIELD**, *between the dates of* **JANUARY 14, 2011 THROUGH JUNE 11, 2011**, *in the County of Montgomery, aforesaid, and State of Ohio*, with purpose to deprive the owner, to-wit: **NORTHMONT BAND BOOSTERS** of property or services, did knowingly and beyond the scope of the express or implied consent of the owner or person authorized to give consent, obtain or exert control over said owner's property or services, to-wit: **U.S. CURRENCY**, having a value of Five Thousand Dollars ($5,000.00) or more, specifically in excess of $7,500.00, but less than $150,000.00; contrary to the form of the statute (in

violation of Section 2913.02(A)(2) of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio.

{¶ 15} Hatfield's indictment sufficiently tracks the language of the statute of the charged offense, R.C. 2913.02(A)(2), and Hatfield accordingly received adequate notice of the charge against him, namely that he stole in excess of $7,500.00, but less than $150,000.00, in U.S. currency from the Northmont Band Boosters. Since his indictment is not defective, Hatfield's third possible assigned error is frivolous and overruled.

{¶ 16} Hatfield's fourth possible assigned error is as follows:

{¶ 17} "COUNSEL'S FAILURE TO SEEK A RESTITUTION HEARING CONSTITUTE[S] INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 18} As this Court has previously noted:

"We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, * * * . Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort

the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell*, 2d Dist. No. 21957, 2008-Ohio-493, ¶ 31.

{¶ 19} As counsel for Hatfield asserts, Hatfield stated that he was "ready to make whole the dollar amount determined by the Court," and the presentence investigation report supports the amount of restitution ordered. Hatfield did not dispute the amount of restitution determined by the court. Since defense counsel's conduct in failing to request a hearing on restitution did not fall below an objective standard of reasonableness such that Hatfield was prejudiced, his fourth possible assigned error is frivolous and overruled.

{¶ 20} Finally, our independent analysis, pursuant to *Anders,* reveals no meritorious assignments of error. The judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Carley J. Ingram
Rebekah S. Neuherz
Darrell S. Hatfield
Hon. Dennis J. Adkins