[Cite as *State v. Battle*, 2014-Ohio-4502.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                      :               C.A. CASE NO.    2014 CA 5

v.                                          :               T.C. NO.    13 CR 531

ILAN BATTLE                                 :               (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellant                     :

                                            :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the ____10th____ day of ____October____, 2014.

        . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

PAMELA L. PINCHOT, Atty. Reg. No. 0071648, 1800 Lyons Road, Dayton, Ohio 45458
      Attorney for Defendant-Appellant

        . . . . . . . . . .

FROELICH, P.J.

    **{¶ 1}** Ilan Battle appeals from a judgment of the Clark County Court of Common Pleas, which sentenced him to 18 months in prison and suspended his driver's

license for five years upon his conviction for possession of cocaine, a felony of the fourth degree. Battle appeals from his conviction, claiming that his sentence was excessive and that the

trial court erred in failing to consider a risk reduction sentence. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2}   According to the arrest report, at approximately 2:10 a.m. on July 5, 2013, Springfield police officers were called to the 900 block of Pine Street on a report that someone was setting off fireworks. When they arrived, they saw a man, later identified as Battle, lighting a firework in the middle of the street.[1] When Battle saw the officers, he started to walk away. The officers instructed Battle to come over and speak with them, but Battle threw something onto the ground and began to run. Officer Ryan Mink chased after Battle and saw Battle emptying his pockets as he ran. When Battle's pockets were apparently empty, Battle slowed down, and he was apprehended. The officer found a part of a torn plastic baggie where Battle was taken into custody, as well as loose money that Battle had thrown to the ground while running. Officers collected the other half of the torn plastic baggie, with crack cocaine, from the middle of the street where Battle was observed throwing something to the ground. A brown baggie with crack cocaine was also located near the clear plastic baggie.

{¶ 3}   At the time of his arrest, Battle was charged with possession of drugs,

---

[1] The firework ended up in a car parked on the street, causing the car to catch fire. A police officer put out the fire with a fire extinguisher.

obstructing official business, tampering with evidence, possession of fireworks, and use of fireworks. He was later indicted on possession of cocaine (in an amount equal to or greater than five grams but less than ten grams) and tampering with evidence. Battle pled guilty to possession of cocaine, a felony of the fourth degree. In exchange for his plea, the State dismissed the count of tampering with evidence, a felony of the third degree. The trial court sentenced Battle to 18 months in prison and suspended his driver's license for five years.

{¶ 4} Battle appeals from his conviction.

II.

{¶ 5} Battle's first assignment of error states:

THE SENTENCING COURT ERRED IN IMPOSING AN EXCESSIVE SENTENCE ON APPELLANT.

{¶ 6} Battle claims that trial court's sentence was excessive and that the court failed to consider the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recividism factors in R.C. 2929.12. Battle emphasizes that his offense was non-violent, that he has admitted to substance abuse, and that he has attempted to "straighten his life out." Battle contends that his sentence was clearly and convincingly contrary to law and an abuse of discretion.

{¶ 7} In *State v. Rodefer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), we held that we would no longer use an abuse-of-discretion standard in reviewing a felony sentence, but would apply the standard of review set forth in R.C. 2953.08(G)(2).[2] Under this statute, an

---

[2] Since then, several opinions from this court have expressed reservations about whether that decision in *Rodeffer* is correct. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1; *State v. Dover*, 2d Dist. Clark No. 2013-CA-58, 2014-Ohio-2303, ¶ 23; *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn.1; *State v. Byrd*,

appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *Rodeffer* stated that "[a]lthough *[State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124] no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law. * * * According to *Kalish*, a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." (Citations omitted) *Rodeffer* at ¶ 32.

{¶ 8} Battle was convicted of possession of cocaine, a fourth-degree felony. Under R.C. 2929.13(B)(1)(b), a trial court has the discretion to impose a prison term for a fourth-degree felony that is not an offense of violence if one of several factors applies, including that "[t]he offender at the time of the offense was serving, or the offender previously had served, a prison term." R.C. 2929.13(B)(1)(b)(x). Where prison is imposed for a fourth-degree felony, the available prison terms are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4).

{¶ 9} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its

---

2d Dist. Montgomery No. 25842, 2014-Ohio-2553, ¶ 44; *State v. Collins*, 2d Dist. Montgomery No. 25874, 2014-Ohio-2443, ¶ 21, fn. 1.

reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 10} R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id*. R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 11} R.C. 2929.12(B) sets forth nine factors indicating an offender's conduct is more serious than conduct normally constituting the offense; R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious. R.C. 2929.12(D) and (E) each list five factors that trial courts are to consider regarding the offender's likelihood of

committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record and "whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses."

{¶ 12} At the sentencing hearing, the trial court heard statements from defense counsel, the prosecutor, and Battle, and the court stated that it had reviewed the presentence investigation report. Defense counsel informed the court that Battle had been doing some apprenticeship work in plumbing and was set to begin training for another job. Counsel highlighted that all of Battle's prior offenses were related to his substance abuse problems, that Battle had "already self-reported to the probation department that he struggles with alcohol and cocaine use," and that Battle had previously attempted to address those issues, albeit unsuccessfully. Defense counsel advocated for community control with a treatment component. Speaking on his own behalf, Battle emphasized that he had been "trying so hard to get jobs and work and seeking interviews and going to different types of temp services," but he had difficulty finding a job because he was a felon. Battle stated that he was trying to "change his life" and has tried to get help with his addictions.

{¶ 13} The prosecutor stated that he had reviewed the presentence investigation report and noted that Battle denied during the presentence investigation that the drugs at issue were his. The prosecutor further emphasized Battle's criminal history, which included several juvenile and adult offenses; Battle had four convictions for OVI and two prior convictions for possession of crack cocaine. Battle was previously on community control,

and he had served three prison sentences. The prosecutor argued that Battle was not amenable to community control, and that Battle had had opportunities to address his substance abuse, but had failed to do so. According to the PSI, Battle reported that he had twice attended McKinley Hall, which provides drug and alcohol treatment services; he did not complete the program in 2009, but did complete it in 2011. At the time of sentencing, Battle was 25 years old.

{¶ 14} The trial court sentenced Battle to a maximum 18 months in prison and suspended his driver's license for five years. At sentencing, the trial court did not reference or discuss the considerations in R.C. 2929.11 or R.C. 2929.12 or provide any explanation for its sentence. However, in its judgment entry, the trial court stated, in part:

> Upon review of the pre-sentence investigation report, the Court found that it has the discretion, pursuant to Ohio Revised Code Section 2929.13(B)(1)(b)(x), to impose a prison term upon the defendant because, at the time of the offense, the defendant previously had served three prison terms.

> The Court considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code 2929.11, and then balanced the seriousness and recidivism factors under Revised Code Section 2929.12.

{¶ 15} In *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, we held that a defendant's sentence was not contrary to law when the trial court expressly stated in its sentencing entry that it had considered R.C. 2929.11 and R.C. 2929.12, but did not

mention those statutes at the sentencing hearing. We stated:

> Although the trial court did not specifically cite either statute during the sentencing hearing, its judgment entry stated that it had "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and [had] balanced the seriousness and recidivism factors [under] Ohio Revised Code Section 2929.12." Because a trial court speaks only through its journal entries, Miller's sentence is not contrary to law merely because the trial court failed to cite either statute during the sentencing hearing.

*Miller* at ¶ 43; *see also, e.g., State v. Back*, 2d Dist. Clark No. 2013-CA-62, 2014-Ohio-1656, ¶ 14; *State v. Parker*, 193 Ohio App.3d 506, 2011-Ohio-1418, 952 N.E.2d 1159, ¶ 20-22 (2d Dist.).

{¶ 16} Conclusory incantations in a judgment entry do not always support a conclusion that a sentence is according to law. However, here, Battle's sentence was within the authorized sentencing range, and the trial court indicated in the judgment entry that it had considered R.C. 2929.11 and R.C. 2929.12 when imposing sentence. Moreover, the record, including the PSI, supports the court's considerations. While Battle's sentence constituted a maximum sentence, we cannot conclude that it was clearly and convincingly unsupported by the record or contrary to law or constituted an abuse of discretion.

{¶ 17} Battle's first assignment of error is overruled.

III.

{¶ 18}   Battle's second assignment of error states:

THE TRIAL COURT ERRED IN FAILING TO CONSIDER A RISK REDUCTION SENTENCE.

{¶ 19}   In this assignment of error, Battle claims that the trial court erred in failing to consider a risk reduction sentence pursuant to R.C. 2929.143.

{¶ 20}   R.C. 2929.143 provides:

(A) When a court sentences an offender who is convicted of a felony to a term of incarceration in a state correctional institution, the court may recommend that the offender serve a risk reduction sentence under section 5120.036 of the Revised Code if the court determines that a risk reduction sentence is appropriate, and all of the following apply:

(1) The offense for which the offender is being sentenced is not aggravated murder, murder, complicity in committing aggravated murder or murder, an offense of violence that is a felony of the first or second degree, a sexually oriented offense, or an attempt or conspiracy to commit or complicity in committing any offense otherwise identified in this division if the attempt, conspiracy, or complicity is a felony of the first or second degree.

(2) The offender's sentence to the term of incarceration does not consist solely of one or more mandatory prison terms.

(3) The offender agrees to cooperate with an assessment of the offender's needs and risk of reoffending that the department of rehabilitation and correction conducts under section 5120.036 of the Revised Code.

(4) The offender agrees to participate in any programming or

treatment that the department of rehabilitation and correction orders to address any issues raised in the assessment described in division (A)(3) of this section.

If the trial court recommends a risk reduction sentence and the offender successfully completes such programming or treatment, the Department of Rehabilitation and Correction "shall release the offender to post-release control after the offender has served each mandatory prison term * * * and a minimum of eighty percent of the aggregated nonmandatory prison terms to which the offender was sentenced."   R.C. 5120.36(C).

{¶ 21}   In this case, the trial court did not mention, at the sentencing hearing or in the judgment entry, that it had considered, but rejected, a risk reduction sentence. Nevertheless, R.C. 2929.143 provides that a risk reduction sentence is discretionary, and nothing in the statute requires the trial court to state, on the record, that it had considered a risk reduction sentence.   *See State v. Esmail*, 7th Dist. Columbiana No. 11 CO 35, 2013-Ohio-2165, ¶ 42; *State v. Hatfield*, 2d Dist. Montgomery No. 25130, 2012-Ohio-6182, ¶ 10. In addition, while defense counsel requested community control with a treatment component, he did not request consideration of a risk reduction sentence either before or after the court imposed its prison sentence at the sentencing hearing.

{¶ 22}   Battle's second assignment of error is overruled.

IV.

{¶ 23}   The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Pamela L. Pinchot
Hon. Douglas M. Rastatter