**[Cite as *State v. Taylor*, 2020-Ohio-1648.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-62 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-31 |
| | : | |
| ALEX TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of April, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 130 West Second Street, Suite 830, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Alex Taylor appeals his conviction and sentence for one count of aggravated possession of drugs (methamphetamine), in violation of R.C. 2925.11(A), a felony of the third degree. Taylor filed a timely notice of appeal with this Court on August 16, 2019.

{¶ 2} The incident which formed the basis for Taylor's conviction occurred on July 7, 2018, when Taylor was a passenger in a vehicle stopped by the police. The officers who initiated the traffic stop asked Taylor if they could search a closed bag in his possession, and Taylor consented to the search. Upon searching the bag, the officers discovered approximately 3.05 grams of methamphetamine separately packaged in four plastic baggies. The officers also found a digital scale and additional baggies in Taylor's bag. Taylor was arrested and taken into custody.

{¶ 3} On January 14, 2019, Taylor was indicted for the following offenses: Count I, aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the third degree; Count II, aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the third degree; and Count III, possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the third degree. At his arraignment on April 26, 2019, Taylor pled not guilty to the charged offenses, and the trial court placed him on a conditional own recognizance (C.O.R.) bond.

{¶ 4} On May 29, 2019, Taylor filed a motion to suppress any physical evidence retrieved by the police during the search of his bag, as well as any statements he made to the police during the course of his arrest. When Taylor failed to appear for the motion to suppress hearing scheduled for June 14, 2019, the trial court issued a capias for his arrest. Defense counsel orally withdrew the motion to suppress on the same date.

Taylor was arrested and taken back into custody on June 19, 2019.

{¶ 5} On July 16, 2019, Taylor pled guilty to Count II, aggravated possession of drugs, in return for dismissal of the remaining counts. The trial court ordered a presentence investigation report (PSI) from the Adult Probation Department. On August 6, 2019, the trial court sentenced Taylor to 18 months in prison.

{¶ 6} It is from this judgment that Taylor now appeals.

{¶ 7} Taylor's sole assignment of error is as follows:

THE COURT ERRED WHEN IT IMPOSED AN EIGHTEEN MONTH SENTENCE BY FAILING TO PROPERLY CONSIDER THE PRINCIPLES AND PURPOSES OF SENTENCING SET FORTH BY THE OHIO REVISED CODE.

{¶ 8} Taylor argues that the trial court failed properly consider the purposes and principles of sentencing before it ordered him to serve an 18-month sentence for one count of aggravated possession of drugs.

{¶ 9} As this Court has previously noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio

St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

*State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263, ¶ 12.

{¶ 10} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 11} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

{¶ 12} R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim

induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 13} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 14} In Taylor's case, the 18-month sentence imposed by the trial court was well within the permissible statutory range for a conviction for aggravated possession of drugs, a felony of the third degree. The maximum sentence a trial court may impose for aggravated possession of drugs is three years, and Taylor was notified of this at the plea hearing. We note that, at sentencing, the trial court failed to mention the principles and purposes of sentencing pursuant to R.C. 2929.11 and/or the seriousness and recidivism factors enunciated in R.C. 2929.12. In Taylor's judgment entry of conviction, however, the trial court stated the following:

> The Court considered the PSI, record, oral statements of counsel, the defendant's statement, and *the principles and purposes of sentencing*

*under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.*

(Emphasis added.) Judgment Entry at 1.

{¶ 15} This Court has held that a defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it considered R.C. 2929.11 and R.C. 2929.12, even if the court neglected to mention these statutes at the sentencing hearing. *State v. Battle*, 2d Dist. Clark No. 2014 CA 5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43.

{¶ 16} At sentencing, the trial court stated the following regarding its basis for sentencing Taylor to 18 months in prison:

The Court: Well, I agree with your attorney, Mr. Taylor. This is a very sad case, and I deeply sympathize with your mom, and I believe everything she says.

I don't have any reason to doubt that you have been a good person and that your future was bright, and that it all got derailed when you started using illegal drugs, which is what makes this case so sad.

You had a lot of meth that day. A lot. Bulk amount. And you're trying to tell the Court that you had sectioned it out into four individual baggies for your own benefit so you had rationed it out for your own personal use over four days, and I don't believe that for a second.

You had it packaged in a way that is compelling evidence of your intent to distribute it. You had scales and baggies.

That being said, I am sentencing you for possession. You did not plead guilty to trafficking, and so I am going to sentence you for possession. I am sure you do need rehab. In fact, you have been to rehab before in February and March 2018 and then another seven-day detox program in August of 2018. You were indicted in this case on April the 26th of 2019.

One would think that a criminal indictment, a third degree felony, that your behavior will change, but you indicated to the probation officer that you used meth and heroin in May.

I don't know what caused you to get involved with illegal drugs. It is very sad, and I take no pleasure in sentencing you to prison; but that is the appropriate disposition in this case.

I am going to follow the State's recommendation. I am going to order that you be sentenced to eighteen (18) months in the Ohio State Penitentiary. I will order a $5,000.00 fine.

Disposition Tr. 11-12.

{¶ 17} At disposition, defense counsel stated as follows:

Defense Counsel: * * * With regards to my client's actions I just want the Court to be made aware that he didn't try to harm anybody.

The only person he was harming was himself and his family, which I felt the impact was the drug use. * * *

Disposition Tr. 5.

{¶ 18} Taylor argues that there was no victim in this case, and pursuant to R.C. 2929.12(C)(2), he asserts that he caused no harm to any person or property. As noted

above, R.C. 2929.12(B)(2) sets forth the following factor for the court's consideration regarding whether Taylor's conduct is more serious than conduct normally constituting possession of methamphetamine: "The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." In relevant part, R.C. 2930.01(H)(1) defines a victim as "a person who is identified as the victim of a crime * * * in a police report or in a complaint, information or indictment that charges the commission of a crime and that provides the basis for the criminal prosecution * * *." Significantly, the trial court did not explicitly find that either R.C. 2929.11(B)(2) or R.C. 2929.12(C)(2) applied to Taylor's conduct.

{¶ 19} Here, the trial court imposed a sentence comfortably within the permissible statutory range. The record establishes that the trial court properly reviewed Taylor's PSI, his statements, the statements made by his mother on his behalf, and the statements of counsel. "Criminal wrongdoing, even without convictions, is part of an accused's social history and thus properly included in a [PSI]." *State v. Richey*, 64 Ohio St.3d 353, 358, 595 N.E.2d 915 (1992). Furthermore, for purposes of sentencing, a court "is not confined to [considering] the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist.); *see also State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 8 (recognizing that a trial court at sentencing may take into consideration hearsay evidence, facts related to charges that were dismissed pursuant to a plea bargain, and allegations contained in a PSI report). It is apparent from the record that the trial court, while sentencing Taylor only for Count II (possession of drugs), properly considered that he had packaged the

methamphetamine in such a way that led to a reasonable inference that he intended to sell it to others, and that despite multiple attempts at rehabilitation, Taylor still continued to use methamphetamine.

{¶ 20} Accordingly, the record establishes that the trial court considered the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness and recidivism factors set forth in R.C. 2929.12.   Therefore, we are unable to find "by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.   The sentence is not contrary to law.

{¶ 21} Taylor's sole assignment of error is overruled.

{¶ 22} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

John M. Lintz
Christopher C. Green
Hon. Douglas M. Rastatter